1  **Kanner & Whiteley, L.L.C.**
   Allan Kanner (SBN 109152)
2  a.kanner@kanner-law.com
   Kanner & Whiteley, L.L.C.
3  701 Camp Street
   New Orleans, LA 70130
4  (504) 524-5777

5  *Attorneys for Plaintiff and the*
   *Proposed Class*
6

7  **HOGAN LOVELLS US LLP**
   Vassi Iliadis (SBN 296382)
8  1999 Avenue of the Stars
   Suite 1400
9  Los Angeles, California 90067
   (310) 785-4640
10 vassi.iliadis@hoganlovells.com

11 *Attorney for Defendant RB Health (US) LLC*
   *(incorrectly sued "Reckitt Benckiser LLC")*
12

13
                    UNITED STATES DISTRICT COURT
14
                    NORTHERN DISTRICT OF CALIFORNIA
15

16

17 | MARI JONES, on behalf of herself and all | Case No. 2:23-cv-04807-SK |
   | others similarly situated,              |                           |
18 |                                         | Hon. Sallie Kim           |
   |              Plaintiffs,                |                           |
19 |                                         | **JOINT STIPULATION TO**  |
   |      v.                                 | **SUBSTITUTE PARTY NAME,** |
20 |                                         | **AMEND CAPTION, AND ENLARGE** |
   | RECKITT BENCKISER LLC,                  | **TIME FOR CASE MANAGEMENT** |
21 |                                         | **CONFERENCE DEADLINES**  |
   |              Defendant.                 |                           |
22 |                                         |                           |
23 |                                         | **[PROPOSED] ORDER**      |

24

25

26

27

28

**WHEREAS,** Plaintiff Mari Jones ("Plaintiff") filed the above-captioned action against Defendant Reckitt Benckiser Pharmaceuticals, Inc. and Reckitt Benckiser LLC ("Defendants") on September 19, 2023 (the "Complaint");

**WHEREAS,** Reckitt Benckiser Pharmaceuticals, Inc. and Reckitt Benckiser LLC were incorrectly named as defendants in this action;

**WHEREAS,** Plaintiff voluntarily dismissed Reckitt Benckiser Pharmaceuticals, Inc., without prejudice, on October 10, 2023 (ECF No. 8);

**WHEREAS,** counsel for RB Health (US) LLC informed Plaintiffs that Defendant Reckitt Benckiser LLC was incorrectly named as a defendant in this action and that RB Health (US) LLC is the proper defendant with respect to the products referenced in the Complaint;

**WHEREAS** the Parties have met and conferred and agree that, based on Defendant's counsel's representations concerning RB Health (US) LLC and Defendant Reckitt Benckiser LLC, RB Health (US) LLC should be substituted for entity Reckitt Benckiser LLC and the case caption amended accordingly;

**WHEREAS** RB Health (US) LLC agrees to execute a waiver of service upon receipt of the necessary papers from Plaintiff in accordance with Rule 4(d) of the Federal Rules of Civil Procedure; accordingly, Defendant's deadline to answer, move or otherwise respond to the Complaint will be 60 days following the date the waiver request is sent;

**WHEREAS,** as of the date of filing of this Stipulation, there are dozens of other actions in this and other districts pending against this Defendant and other defendants related to phenylephrine in certain over-the-counter medications. On September 18, 2023, certain plaintiffs in another action filed with the Judicial Panel for Multidistrict Litigation ("JPML") a Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Centralized Pretrial Proceedings, seeking to create a Multidistrict Litigation ("MDL") proceeding and to transfer similar actions asserting phenylephrine-related marketing and sales claims to the District of New Jersey for centralized proceedings (*see In re: Oral Phenylephrine Marketing and Sales Practices Litigation*, MDL No. 3089, ECF No. 1);

**WHEREAS**, the MDL Petition has been docketed before the JPML as *In re: Oral Phenylephrine Litigation*, MDL No. 3089, and a hearing on the Motion to Transfer is scheduled for November 30, 2023 (*see In re: Oral Phenylephrine Marketing and Sales Practices Litigation*, MDL No. 3089, ECF No. 166);

**WHEREAS**, on October 4, 2023, Plaintiff in this action filed with the JPML a Notice of Related Actions identifying this action as related to the pending Motion to Transfer (*see In re: Oral Phenylephrine Marketing and Sales Practices Litigation*, MDL No. 3089, ECF No. 69);

**WHEREAS**, the JPML is expected to render a decision soon after its hearing on the Motion for Transfer (*see* John G. Heyburn II, A View from the Panel: Part of the Solution, 82 Tul. L. Rev. 2225, 2242 (2008) ("The Panel's rules already require a tight briefing schedule prior to oral argument on all § 1407 transfer motions. The Panel prepares extensively for oral argument and usually reaches a decision on each case during its conference immediately afterwards . . . .").

**WHEREAS,** this Court entered an Order Setting Initial Case Management Conference and ADR Deadlines on September 21, 2023 (*see* ECF No. 6) and there has been no other activity in this case to date;

**WHEREAS**, the Initial Case Management Conference is currently scheduled for December 18, 2023, and the Joint Case Management Statement is due on December 11, 2023;

**WHEREAS,** the Parties' deadline to file an ADR Certification and meet-and-confer pursuant to Rule 26(f) is November 27, 2023;

**WHEREAS,** the Parties have met and conferred and respectfully request that the Court stay these proceedings, including but not limited to the Case Management Conference and all related, currently pending deadlines, pursuant to Local Rule 6-2, pending the resolution of the MDL Petition;

**WHEREAS,** there is good cause to extend the Case Management Conference and related deadlines and stay these proceedings for the reasons set forth in the accompanying Declaration of Allan Kanner;

1   **WHEREAS,** absent a stay, the Court and the Parties would face impending discovery deadlines and, in light of the possibility that there will be an MDL consolidating the Related Actions for the purpose of pretrial proceedings, a stay is necessary and prudent to avoid duplication of pretrial efforts by the Parties, any waste of judicial resources, and the risk of conflicting rulings;

**WHEREAS,** the Parties also agree that absent a stay will not prejudice any party regardless of the outcome of the JPML; rather, a stay will benefit the Parties, the Court and the public by avoiding unnecessary judicial and litigation efforts, thereby conserving both the Court and Parties' resources and promoting judicial economy and efficiency;

**WHEREAS,** this Court has the inherent power to grant a stay, especially in circumstances such as here, where doing so would promote judicial economy and avoid prejudice to the Parties, *see, e.g.*, *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Bechtel Corp. v. Local 215 Laborer's Int'l Union of N.A.*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("A United States district court has broad power to stay proceedings."); *Gutierrez v. Samsung Elecs. Am., Inc.* 2022 WL 15398352, at *1 (N.D. Cal. Oct. 27, 2022) (granting stipulation to stay pending JPML decision); *L.A.T. v. Meta Platforms, Inc.,* 2022 WL 4279709, at *1 (N.D. Cal. Sept. 15, 2022) (same);

**WHEREAS,** this is the Parties' first request for a stay or extension of the case schedule;

**WHEREAS,** the Parties agree that nothing in this Joint Stipulation shall be construed as a waiver of any jurisdictional defenses that may be available under Rule 12 of the Federal Rules of Civil Procedure, including personal jurisdiction, a waiver of any defenses under Rule 8 of the Federal Rules of Civil Procedure, or a waiver of any other statutory or common law defenses that may be available to Defendant in this action, the Related Actions, or both. Defendants expressly reserve the right to raise any such defenses in response to any operative or amended complaint that may be filed relating to this action

**THEREFORE, THE PARTIES HEREBY STIPULATE, AGREE, AND RESPECTFULLY REQUEST THAT:**

1. Defendant Reckitt Benckiser LLC will be dismissed and will be replaced by defendant "RB Health (US) LLC" and the caption in this action shall be amended to reflect that substitution;

2. The Court stay this case and all proceedings, including but not limited to the Initial Case Management Conference and related deadlines set forth in ECF No. 6, until further order of this Court or any Court to which the JPML assigns the Related Actions;

3. Because this case has been submitted to the JPML as a related case, the Court will receive notice from the JPML if an MDL is formed. If the JPML denies the motion to form an MDL, the Parties will meet and confer within 14 days of the JPML's ruling and prepare a joint status report for the Court;

4. The Parties' entry into this stipulation does not constitute a waiver of any jurisdictional defenses that may be available under Rule 12 of the Federal Rules of Civil Procedure, including personal jurisdiction, a waiver of any defenses under Rule 8 of the Federal Rules of Civil Procedure, or a waiver of any other statutory or common law defenses that may be available to any Defendant in this action, the Related Actions, or both. Defendant expressly reserves its rights to raise any such defenses in response to any operative or amended complaint that may be filed relating to this action.

Date: November 27, 2023

Respectfully submitted,

*/s/ Allan Kanner*
**Kanner & Whiteley, L.L.C.**
Allan Kanner (SBN 109152)
a.kanner@kanner-law.com
Kanner & Whiteley, L.L.C.
701 Camp Street
New Orleans, LA 70130
(504) 524-5777

*/s/ Vassi Iliadis*
Vassi Iliadis (SBN 296382)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars
Suite 1400

Los Angeles, California 90067<br>
Telephone: (310) 785-4640<br>
vassi.iliadis@hoganlovells.com

*Attorney for Defendant RB Health (US) LLC*<br>
*(incorrectly sued "Reckitt Benckiser LLC")*

**IT IS SO ORDERED**

Dated: _____

_____
THE HONORABLE SALLIE KIM

**<u>SIGNATURE ATTESTATION</u>**

Pursuant to Local Rule 5-1(h)(3) regarding signatures, I, Allan Kanner, attest that concurrence in the filing of this document has been obtained by the other signatory to this document.

By: */s/ Allan Kanner*
Allan Kanner (SBN 109152)

5
JOINT STIPULATION TO SUBSTITUTE PARTY NAME, AMEND CAPTION, AND ENLARGE TIME FOR CASE MANAGEMENT CONFERENCE DEADLINES
2:23-cv-04807-SK